[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11196
Non-Argument Calendar
_____

D.C. Docket No. 8:08-cr-00166-SDM-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

INOCENCIO RAMIREZ-VELAZCO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 25, 2013)

Before CARNES, Chief Judge, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Inocencio Ramirez-Velazco appeals his statutory maximum sentence of two years imprisonment, six months above the advisory guidelines range, imposed following the revocation of his supervised release under 18 U.S.C. § 3583(e)(3). Ramirez-Velazco, a Mexican national, was originally sentenced to 30 months imprisonment, to be followed by three years of supervised release, for illegally reentering the United States after his deportation for felony convictions. After completing his custodial term and being removed to Mexico, Ramirez-Velazco violated the conditions of his supervised release by, once again, illegally reentering the United States and obtaining two additional criminal convictions — a federal conviction for being found in the country after deportation and a state conviction for possessing a forged citizenship document. He contends that the sentence imposed following the revocation of his supervised release was procedurally unreasonable because the district court employed a rigid mathematical approach that assumed that any term less than his original sentence for illegal reentry would be insufficient to satisfy the purposes of sentencing. He asserts that the district court's formulaic approach bypassed consideration of the advisory guidelines range reflected in Chapter 7 of the Sentencing Guidelines and ran afoul of the federal policy of individualized sentencing.

A district court, upon finding that the defendant has violated a condition of his supervised release, may revoke that supervised release and impose a term of

2

imprisonment after considering the sentencing factors set forth in 18 U.S.C. § 3553(a).  18 U.S.C. § 3583(e); see United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008).  In reviewing the procedural reasonableness of a sentence, we must ensure that the district court committed no significant procedural error, such as failing to accurately calculate the applicable guidelines range, treating the sentencing guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence, including any deviation from the advisory guidelines range.  Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 597 (2007).  The § 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need to afford adequate deterrence to criminal conduct and protect the public from future crimes of the defendant, and the applicable guidelines range.  18 U.S.C. § 3553(a).

At the Ramirez-Velazco's revocation hearing, the government requested an upward variance from the guidelines range of 12 to 18 months imprisonment based on his long history of deportations followed by illegal entries into the United States and the need to adequately deter him from committing similar offenses in the future.  Ramirez-Velazco bristled at the notion that sentencing decisions should primarily be driven by considerations of deterrence, remarking that the entire process was simply "a numbers game where we just try and move around months

3

to see . . . what works and what doesn't." The district court, responding to that particular argument, stated that "it's probably not an entirely irrational conclusion that if the purposes of Section 3553 were not accomplished by a sentence of X months, it is unlikely that the same purposes would be better served by a sentence of X months minus some positive integer Y months." The court then imposed a statutory maximum sentence of two years imprisonment, explaining that it had considered the § 3553(a) factors, including the advisory guidelines range, and concluded that a lesser sentence would not be sufficient to accomplish the goals of sentencing given Ramirez-Velazco's "lack of recognition of his responsibilities" under the conditions of his supervised release and his persistent history of committing similar offenses.

Ramirez-Velazco has not demonstrated that the district court committed any significant procedural error in imposing that sentence. Although he suggests that the district court effectively abdicated its discretion and ignored the Chapter 7 policy statements because it used mathematically formulaic language in discussing the sentence, the district court used that language only in response to Ramirez-Velazco's own argument about the apparent futility of "moving months around." As the record makes clear, the district court did consider the § 3553(a) factors in selecting a sentence tailored to the individual circumstances of the case before it, including the advisory guidelines range, Ramirez-Velazco's criminal history and

4

characteristics, and the need to promote respect for the law, afford adequate deterrence, and protect the public from further criminal offenses.  Because there is no merit to Ramirez-Velazco's contention that the district court imposed a procedurally unreasonable sentence, we affirm.

**AFFIRMED.**